QUESTION:
Must an attorney-legislator, under s. 112.313(2), F.S., file a sworn statement disclosing the fact that a member of his law firm holds a position with a business regulated by the state, has substantial business commitments with a state agency, or owns a controlling interest in a business regulated by the state?
SUMMARY:
Under s. 112.313(2), F.S., an attorney-legislator is not required to file a sworn statement disclosing the fact that a member of his law firm holds a position with or owns a controlling interest in a business regulated by the state, or has substantial business commitments with a state agency, in his individual and personal capacity.
Your question is answered in the negative.
Section 112.313(2), supra, requires a public officer or employee to file a sworn statement disclosing an interest as officer, director, agent, or member of, or owner of a controlling interest in, a business entity which is subject to the regulation of, or which has substantial business commitments from, a state or local governmental agency. As noted in AGO 072-172, the purpose of this requirement is:
". . . to bring out into the open any presently or potentially conflicting interests that public officers or employees might have in business entities that are affected with a public interest sufficiently substantial to justify the exercise of the state's regulatory powers, or which have acquired some public interest by reason of substantial business commitments from a public agency."
It was ruled in that opinion that a public officer's membership in a law firm was an interest in a "business entity" within the purview of the disclosure provision of s. 112.313(2). And in AGO SC67-12 my predecessor in office ruled that the attorney-client relationship was an "agency" relationship within the purview of that provision, so that a public official who is a practicing attorney should file a sworn statement disclosing representation by him or by his law-firm partners of clients who are "business entities" regulated by or having substantial business commitments with a public agency. Accord: Attorney General Opinions SC69-12; 074-1.
Here, however, the outside interests of your law partners appear to be personal to them and not related to the law-firm partnership. This being so, there is no extension of the "agency" relationship arising out of the law partnership and, therefore, no agency relationship between you and the business entities with which your law partners are associated personally and individually. (It is noted that a governmental agency is not a "business entity" within the purview of the Standards of Conduct Law. Attorney General Opinion 073-129.)